IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALEXANDER J. ANDUZE, | ) | |
| No. B88839, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-01153-NJR |
| | ) | |
| STEVE DUNCAN, | ) | |
| R.D. MOORE, | ) | |
| LAURA CUNNINGHAM, | ) | |
| MS. NEW, | ) | |
| MS. DAVIS, and | ) | |
| MS. ARNOLD, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Alexander J. Anduze, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on how prison officials responded to two suicide attempts by Plaintiff's cellmate and to Plaintiff's exposure to bloodborne pathogens.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in July 2014, Plaintiff's cellmate attempted suicide with a razorblade.  Blood covered the cell, as well as Plaintiff and his personal property.  Plaintiff was taken to the healthcare unit, but no blood tests were run to see if, for example, Plaintiff had been exposed to HIV or hepatitis.  Instead, a correctional officer escorted Plaintiff to a shower and instructed him to wash the blood off his body—without giving Plaintiff any soap or other disinfectant.  Plaintiff submitted written requests to the healthcare unit and filed administrative grievances seeking testing for bloodborne diseases, all to no avail.

Although Plaintiff wrote to the Placement Office asking that his cellmate not be returned to their cell, in August 2014, the suicidal cellmate was again housed with Plaintiff.  A few weeks later, the cellmate again attempted suicide with a razorblade.  After cutting his face and upper body, the cellmate awakened Plaintiff.  Because the cellmate was still holding the razorblade, Plaintiff feared that his life was in danger, so he hit the panic alarm in the cell to summon help.  When Plaintiff jumped down from his bunk, he slipped on blood and fell to the floor.  Covered in

blood, Plaintiff again was taken to the health care unit and the whole scenario repeated itself. He was not tested for bloodborne diseases; he was taken to a shower, but he was not given any soap. When Plaintiff returned to his cell, the blood had not been cleaned up, so he was left to clean his cell without any training or the proper solvents and protective equipment—exposing him to bloodborne pathogens a third time. Plaintiff filed another grievance, but he received no response from the grievance officer or Warden Duncan.

After these two suicide attempts, Plaintiff was diagnosed with post-traumatic stress disorder ("PTSD"). Nevertheless, he has not received "proper regular treatment by a social worker," and "proper prescription medication."

The complaint lists as defendants Warden Duncan, Assistant Warden Moore, Medical Administrator Cunningham and three social workers, Ms. New, Ms. Davis, and Ms. Arnold. Defendants are alleged to have been "deliberately indifferent" and "blatantly negligent." Plaintiff seeks compensatory damages and affirmative injunctive relief, including the provision of "proper medication."

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to

be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Furthermore, prison officials have a duty to protect prisoners "from violence at the hands of other inmates." *See Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002).

Negligence, even gross negligence, is insufficient for Eighth Amendment liability. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Rather, the corrections official must have acted with the equivalent of criminal recklessness. *Id*. at 836–37. Therefore, any and all claims of negligence fail.

As a general matter, however, the complaint sufficiently pleads Eighth Amendment claims regarding the failure to properly treat Plaintiff for exposure to bloodborne pathogens after the two suicide attempts, exposing him to harm on multiple occasions, and failing to properly treat his PTSD. At this early stage, the Court need not delve deeper into Plaintiff's specific circumstances and whether he actually faced a serious health risk. *See generally* http://www.cdc.gov/niosh/topics/bbp (indicating that blood-on-skin exposure can, depending on the circumstances, pose virtually no health risk). However, that does not end the Court's analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The *respondeat superior* doctrine—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g.*, *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Allegations that senior officials were personally responsible for

creating the policies, practices and customs that caused a constitutional deprivation can, however, suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002).

Warden Duncan, Assistant Warden Moore, Medical Administrator Cunningham, and social workers Ms. New, Ms. Davis, and Ms. Arnold, are all named as defendants, but only Warden Duncan is mentioned in the narrative portion of the complaint. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Assistant Warden Moore, Medical Administrator Cunningham, Ms. New, Ms. Davis and Ms. Arnold will all be dismissed without prejudice.

In the complaint Plaintiff states, "On September 6th, 2014 I filed yet another grievance[;] I received no response from the grievance officer, or Warden Steven Duncan." (Doc. 1, p. 14). Elsewhere in the complaint, relative to Plaintiff's efforts to exhaust administrative remedies before filing suit, he states that he filed multiple grievances but did not receive a reply within 30 days, as prescribed by Illinois law. There is no indication that the grievance was sent to Warden Duncan, and only emergency grievances are routed directly to the warden of an institution; otherwise, the warden is the last step in the institutional grievance process. *See* 20 Ill. Adm. Code 504.830-504.840. Thus, the Court cannot reasonably infer that the warden received the grievance. For these reasons, under the *Twombly* pleading standard, Plaintiff has failed to state a claim against Warden Duncan. Duncan, like the other defendants, will be dismissed without prejudice.

Plaintiff will be given an opportunity to file an amended complaint.

**Motion for Counsel**

Because Plaintiff is being given an opportunity to file an amended complaint, the Court will consider his motion for recruitment of counsel (Doc. 3). There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff gives no indication that he has attempted to secure counsel. Rather, he merely asserts that he is financially unable to afford to retain an attorney and that he lacks the knowledge to properly represent himself (*see* Doc. 3, p. 2). Furthermore, as demonstrated by the complaint, Plaintiff can articulately and adequately explain his claim factually and legally. Plaintiff's motion indicates that he has some college education, and he is not currently on any medication. Although some medical matters are at issue, it is not readily apparent that special

medical knowledge is necessary. *See Henderson v. Ghosh*, 755 F.3d 559, 564-66 (7th Cir. 2014) (assessing an inmate's ability to prosecute a medical claim). Therefore, Plaintiff's motion for recruitment of counsel (Doc. 3) will be denied without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all Defendants and the complaint (Doc. 1) are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **December 19, 2014**, Plaintiff shall file an amended complaint. If a viable amended complaint is not filed, this action will be dismissed <u>with</u> prejudice and a strike will be assessed for purposes of 28 U.SC. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED without prejudice**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: November 17, 2014

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**