## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALEXANDER J. ANDUZE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Case No. 3:14-CV-1153-NJR-DGW** |
| | ) |
| **STEVE DUNCAN and LORIE** | ) |
| **CUNNINGHAM,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is the Motion to Dismiss for Failure to State a Claim filed by Defendant Lorie Cunningham on July 10, 2015 (Doc. 23).

### FACTUAL BACKGROUND

Plaintiff Alexander J. Anduze, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff specifically complains that in July and August 2014, his cellmate attempted suicide with a razor, causing him to be exposed to his cellmate's blood and, although he was taken to the health care unit, Plaintiff complains that he was not tested for blood-borne diseases and was not provided proper cleaning equipment. Plaintiff also claims that as a result of these incidents, he suffers from post-traumatic stress disorder ("PTSD"), which medical providers at Lawrence failed to treat.

After an initial screening of Plaintiff's complaint, he was allowed to proceed on various counts against two defendants, Warden Stephen Duncan and Medical

Administrator Cunningham, as Plaintiff attributes the key decisions regarding the handling of the incidents mentioned in his complaint to the policies and practices of these individuals.

On July 10, 2015, Defendant Cunningham filed a motion to dismiss asserting that Plaintiff's claims against her should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 23). Plaintiff has not filed any response to this motion.

## LEGAL STANDARD

Defendant seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the allegations in Plaintiff's complaint fail to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Additionally, "[a]llegations of a pro se complaint are held 'to less stringent standards than formal pleadings draft by lawyers … Accordingly, *pro se* complaints are liberally construed." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).

DISCUSSION

Plaintiff's claims against Defendant Cunningham relate to her knowledge and implementation of policies and practices that affected the way in which Plaintiff's exposure to possible blood-borne pathogens and PTSD were handled. In her motion to dismiss, Defendant Cunningham asserts that Plaintiff has incorrectly identified her as the "medical administrator" at Lawrence. Defendant clarifies that she is not the medical administrator, but rather, she is the "Director of Nursing" at Lawrence and is not employed by the State of Illinois or the Illinois Department of Corrections. Specifically, Defendant is employed by an outside provider who contracts with the Department of Corrections to provide health care services. In this role, Defendant contends that she does not have the authority to make or implement policies, procedures, and/or customs regarding the provision of health care services. Further, Defendant avers that Plaintiff's complaint is devoid of any allegations that she was directly involved in his medical care, a prerequisite for finding liability under Section 1983.

The Court is not persuaded by Defendant's arguments. First, Defendant's contentions regarding her position at Lawrence are unsupported by any evidence in the record. Accordingly, the Court declines to accept, at this stage in the proceedings, Defendant's assertion that as Director of Nursing at Lawrence she has no authority to make or implement policies, procedures, or customs regarding the provision of health care services. Second, as Defendant's motion clearly requires additional evidentiary support, it is not accurately captioned as a motion to dismiss. Defendant is reminded that "[a] motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is

Page 3 of 4

subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 746 n. 1 (7th Cir. 2012).

Finally, although the Court is mindful that an individual defendant must have caused or participated in a constitutional deprivation to be liable under Section 1983, *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted), allegations that senior officials were personally responsible for creating the policies, practices, and customs that caused a constitutional deprivation can suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). The allegations in Plaintiff's complaint are sufficient to demonstrate personal involvement by Defendant Cunningham in her creation and implementation of policies and practices that caused Plaintiff's alleged constitutional deprivations.

### Conclusion

For these reasons, the Motion to Dismiss for Failure to State a Claim filed by Defendant Lorie Cunningham (Doc. 23) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 6, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**