IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALEXANDER J. ANDUZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-1153-NJR-DGW |
| | ) | |
| STEVE DUNCAN and LORIE | ) | |
| CUNNINGHAM, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Lorie Cunningham (Doc. 39) be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Alexander Anduze, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). In particular, Plaintiff alleges that his former cellmate twice attempted suicide by razor, causing Plaintiff to be exposed to his blood.  Plaintiff was not tested for bloodborne pathogens despite his

exposure and was only provided with a shower, but no soap, to clean himself. Following these incidents, Plaintiff alleges he wrote multiple requests to Defendant Lorie Cunningham, the Lawrence Director of Nursing[1], seeking testing for bloodborne diseases, but to no avail. Plaintiff also sought mental health treatment and was diagnosed with post-traumatic stress disorder ("PTSD"). However, the medical and mental healthcare departments, under the supervision of Defendant Cunningham, failed to provide any tests or treatment for PTSD.

Following an initial screening of Plaintiff's complaint, he was allowed to proceed in this matter on the following claims:

Count One:     Warden Duncan, acting with deliberate indifference, exposed Plaintiff to a substantial risk of harm to his safety and health relative to celling him with a suicidal inmate on two occasions, in violation of the Eighth Amendment;

Count Two:     Medical Administrator Cunningham, acting with deliberate indifference, failed to treat Plaintiff's serious medical needs after he was exposed to bloodborne pathogens, in violation of the Eighth Amendment;

Count Three:   Medical Administrator Cunningham failed to treat Plaintiff's serious psychological needs (PTSD), in violation of the Eighth Amendment; and

Count Four:    Warden Duncan and Medical Administrator Cunningham had inadequate policies and procedures regarding how to handle exposure to bloodborne pathogens, thereby endangering Plaintiff's health and safety, in violation of the Eighth Amendment.

Defendant Cunningham filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit. In particular, Defendant Cunningham asserts that Plaintiff never filed a grievance complaining about Defendant Cunningham and argues that the grievances produced by Plaintiff, a "rough draft" of a September 6, 2014

---

[1] In his complaint, Plaintiff asserts that Defendant Cunningham was the Medical Administrator at Menard; however, Defendant Cunningham attests that she was employed as the Director of Nursing at Lawrence at all times relevant to Plaintiff's complaint (Doc. 40-3, ¶ 7).

grievance and a grievance dated October 13, 2014, do not make any mention of her or complain of policies, practices or customs implemented by her. Defendant further argues that even if the Court were to look past Plaintiff's failure to name or describe her in his grievances, Plaintiff still failed to exhaust against this Defendant as he never submitted his grievances to the Administrative Review Board ("ARB") for review.

Plaintiff timely filed a response to Defendant's motion asserting that he filed grievances on September 6, 2014 and October 13, 2014 (Doc. 44). Plaintiff explains that on November 3, 2014 his counselor, Mr. Horton, told Plaintiff that he had lost his grievances and there were no other avenues available to him.

With regard to the grievances on the record before the Court, the September 6, 2014 grievance was received by Plaintiff's counselor on September 10, 2014; however, the counselor did not provide a response until January 23, 2015, more than four months after he received it (*See* Doc. 40-1, p. 7). The Grievance Officer received Plaintiff's grievance on January 29, 2015 and subsequently issued his response on March 16, 2015 (*Id*. at p. 6). The Chief Administrative Officer ("CAO"), concurred with the Grievance Officer's response on March 18, 2015 and Plaintiff appealed the decision to the ARB (*Id.*). This grievance is stamped as "Received" by the ARB on March 25, 2015 (*Id.*). There is no documentation concerning the ARB's review of this grievance. In this grievance, Plaintiff complains that his cellmate attempted to commit suicide on two occasions (July 22, 2014 and August 24, 2014) while Plaintiff was in the cell. According to Plaintiff's grievance, on both occasions the cell was covered in his cellmate's blood and, when he went to get help, he was taken to the healthcare unit where the blood was washed off of him, but he was not provided with a test for any blood diseases such as HIV or

Hepatitis. Plaintiff also complains that he has filled out request slips to see the social workers to discuss the events, but has yet to be seen by one.

Plaintiff's October 13, 2014 grievance complains about not having received a response to his September 6, 2014 grievance and reasserts the complaints made in his earlier grievance regarding the failure to provide Plaintiff with adequate medical care and mental health treatment following his cellmate's suicide attempts. Plaintiff's counselor responded to this grievance on October 14, 2014, denying it as a duplicate grievance. This grievance was also marked "Received" by the ARB on March 25, 2015. There is no documentation of the Grievance Officer's, CAO's, or ARB's response to this grievance.

***Pavey Hearing***

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on June 8, 2016. At the hearing, Plaintiff explained his efforts to exhaust his September and October, 2014 grievances. Specifically, with regard to his September, 2014 grievance, Plaintiff indicated that he placed it in the grievance box, but never received a response. Accordingly, Plaintiff stated he spoke with Counselor Horton sometime between September 6, 2014 and October 13, 2014 regarding the status of his grievance and was told that it had been lost. Subsequently, on October 13, 2014, Plaintiff filed another grievance and waited for a response. Plaintiff asserted that he did not receive any response to these grievances until January, 2015.

During the hearing, counsel for Defendant indicated that the basis for her exhaustion argument is not on the grievance procedure, but rather, on the content of the grievance. Accordingly, the Court indicated that it would deem that the grievance process was unavailable

to Plaintiff and would only consider whether the contents of the grievances were sufficient to exhaust Plaintiff's claims against Defendant Cunningham.

CONCLUSIONS OF LAW

***Summary Judgment Standard***

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

***Exhaustion Requirements under the PLRA***

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).  *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).  Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).  The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit.  See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.  In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies.  *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).  If a Plaintiff has exhausted his remedies, the case will proceed on the merits.  If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor.  ILL. ADMIN. CODE TIT. 20, § 504.810(a).  If the complaint is not resolved, the inmate may file a grievance within 60 after the discovery of the incident, occurrence, or problem that gives rise to the grievance.  *Id*. § 504.810(b).  The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance.  *Id*. § 504.830(d).  The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed.  *Id*. § 504.830(d).  An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision.  *Id*. § 504.850(a).  *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).  An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB.  *See Id*.  The ARB shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances.  *Id*. § 504.850(f).

An inmate may request a grievance be handled as an emergency by forwarding it directly to the CAO.  If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken.  *Id*. § 504.840.  If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision.  *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him.  *See* 42 U.S.C. § 1997e(a).  The Seventh Circuit has held that administrative remedies become

"unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

### Discussion

Based on the evidence adduced and arguments made at the hearing, it is recommended that the Court find Plaintiff exhausted his administrative remedies as to Defendant Cunningham prior to filing this suit.

First, at the Pavey Hearing, the Court determined that Plaintiff was thwarted in his attempts to sufficiently exhaust this matter at the institutional level. As such, the Court finds that the grievance process was not made available to Plaintiff and, therefore, the Court deems Plaintiff's September 6, 2014 and October 13, 2014 grievances sufficiently exhausted. The Court's inquiry, however, does not end here. Plaintiff may only continue in this lawsuit against Defendant Cunningham if the Court also finds that Plaintiff's grievances sufficiently exhausted the claims brought against Defendant Cunningham.

Defendant contends that Plaintiff's grievances are insufficient to exhaust any claim

brought against her as Plaintiff does not name, describe, or complain about her or her actions in these grievances and, moreover, Defendant asserts that she is not involved with the complaints Plaintiff lodges in his grievances.  In particular, in her affidavit, Defendant Cunningham attests that as the Director of Nursing she does "not implement policies, practices or customs for the cleaning of blood" and is "not involved in assigning inmates to cells" (Affidavit of Lorie Cunningham, Doc. 40-3, ¶¶ 12-13).  In his response to Defendant's motion, Plaintiff admits that he incorrectly designated Defendant Cunningham as the Medical Administrator when he filed his lawsuit, but explains that he now understands she is the Director of Nursing.  However, Plaintiff asserts that despite the confusion regarding Defendant's job title, she "is still in charge of the nurses who failed to give [him] proper treatment in a timely manner" and, as such, she is responsible for the care of the inmates at Lawrence.

Here, although Plaintiff did not name or describe Defendant Cunningham, such circumstance is not fatal to the question of exhaustion as Plaintiff need only describe a defendant with as much detail as possible under the Illinois Administrative Code, *see* ILCS § 504.810(b), in order to serve the PLRA's purpose of affording prison officials a chance to address inmate complaints internally, prior to the filing of federal litigation.  *See, e.g., Kaba*, 458 F.3d at 684 (citation omitted), and to provide prison officials a "fair opportunity" to address an inmate's complaint.  *Maddox v. Love*, 655 F.3d 709, 713 (7th Cir. 2011).  Here, the Court finds that Plaintiff's grievances were sufficient to complain about matters Plaintiff alleges were in the control of Defendant Cunningham — i.e., addressing an inmate's exposure to bloodborne pathogens and the provision of psychological treatment.  Specifically, in his grievances, Plaintiff asserts that after his cellmate's second suicide attempt he was taken to the healthcare unit, but

did not have the blood properly removed from his body and was not tested for bloodborne diseases.  Plaintiff also complains that he placed several requests to see a social worker to discuss the events concerning his cellmate, but had not yet been seen.  While the Court acknowledges that Defendant asserts she did not implement the policies or practices related to the cleaning of blood and was not involved in assigning inmates to cells, the Court must view the facts in the light most favorable to Plaintiff and, in doing so here, finds that Plaintiff sufficiently complained about matters Plaintiff alleges were in Defendant's control.  To hold that Plaintiff failed to exhaust against Defendant Cunningham because he did not name or describe this Defendant when he did not have the knowledge or ability to determine who was responsible for such issues at the time he wrote his grievances seems fundamentally unfair.  Moreover, the determination of whether or not Defendant Cunningham did or did not have authority over the issues on which Plaintiff's claims lie should be made at a later stage in this litigation, after discovery on the merits has taken place.  For these reasons, the Court finds that Plaintiff's grievances are sufficient to exhaust Plaintiff's claims against Defendant Cunningham.

## RECOMMENDATIONS

Based on the foregoing, it is hereby **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Lorie Cunningham (Doc. 39) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and

Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 4, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**